UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ANGEL TORREZ, JR., | No. 1:24-cv-00362-SKO (HC) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION** |
| v. | **ORDER DISMISSING PETITION AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |
| L. LUNDY, Warden, | |
| Respondent. | **ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All parties having consented to the jurisdiction of a United States Magistrate Judge, this case was assigned to the undersigned for all further proceedings in this action, including entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1).

On March 28, 2024, Petitioner filed a petition for writ of habeas corpus in this Court. On May 15, 2024, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971). Petitioner did not file an opposition. Upon review of the pleadings, the Court will GRANT Respondent's motion to dismiss and DISMISS the petition without prejudice.

/////

/////

1

1

**I.      DISCUSSION**

2

        A.      <u>Preliminary Review of Petition</u>

3

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4

petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

5

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

6

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

7

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

8

dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir.

9

2001).

10

        B.      <u>Abstention</u>

11

      Petitioner was convicted in the Kern County Superior Court on October 27, 2020, of

12

attempted voluntary manslaughter, assault with a deadly weapon, infliction of corporal injuries on

13

an intimate partner resulting in a traumatic condition, and misdemeanor child abuse.  (Doc. 12-1

14

at 1.) He appealed to the California Court of Appeals.  On January 17, 2023, the appellate court

15

affirmed the convictions but remanded the matter for resentencing. (Doc. 12-2.)  Petitioner

16

petitioned for review in the California Supreme Court, and review was denied on March 29, 2023.

17

(Doc. 12-4.)  The hearing on remand is currently scheduled for June 12, 2024.  (Doc. 11-1 at 2-3.)

18

      It is premature for this court to review Petitioner's collateral attack on his conviction

19

because direct review is still ongoing and there is no final judgment. A federal court's jurisdiction

20

to review the merits of a habeas petition commences, in pertinent part, on "the date on which the

21

judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

22

      Under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), federal courts may not enjoin pending state

23

criminal proceedings except under extraordinary circumstances. <u>Id</u>. at 49, 53. <u>Younger</u> abstention

24

prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing

25

state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate

26

opportunity to raise the federal question at issue in the state proceedings. <u>H.C. ex rel. Gordon v.</u>

27

<u>Koppel</u>, 203 F.3d 610, 613 (9th Cir. 2000).

28

      The <u>Younger</u> criteria are satisfied here. First, remand for Petitioner's resentencing is still

1    pending, and thus, judgment is not final. The Supreme Court has stated: "'Final judgment in a

2    criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147,

3    156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Second, resentencing

4    proceedings implicate an important state interest in enforcing criminal laws without federal

5    interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in

6    administering their criminal justice systems free from federal interference is one of the most

7    powerful of the considerations that should influence a court considering equitable types of relief")

8    (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide an adequate

9    forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1,

10   15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy,

11   in the absence of unambiguous authority to the contrary."). When the state proceedings have fully

12   concluded and his conviction becomes final, Petitioner may seek federal habeas relief. See, e.g.,

13   Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal

14   habeas relief after his California state criminal proceedings, including his pending SB 620 motion

15   in the California Court of Appeal, have concluded with a final judgment of conviction."). For

16   these reasons, the Court does not find that extraordinary circumstances warrant intervention.

17          The Court further notes that "courts in the Ninth Circuit have abstained under Younger

18   when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL

19   4341595, at *4 (C.D. Cal. June 24, 2020), adopted, 2020 WL 4339889 (C.D. Cal. July 28, 2020);

20   Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020) (recommending denial of

21   motion for stay and dismissal of federal habeas petition due to pending state appeal for

22   resentencing); adopted, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Sauceda v. Sherman, 2020

23   WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas

24   petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95), adopted, 2020

25   WL 1433678 (C.D. Cal. March 22, 2020); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D.

26   Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have

27   the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even

28   where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition

3

1    due to pending state appeal for resentencing); *adopted*, 2019 WL 6310269 (C.D. Cal. Nov. 22,

2    2019) (collecting cases).

3    **II.    CERTIFICATE OF APPEALABILITY**

4          A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

5    district court's denial of his petition, and an appeal is only allowed in certain circumstances.

6    Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining

7    whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

8          (a)     In a habeas corpus proceeding or a proceeding under section 2255 before a
          district judge, the final order shall be subject to review, on appeal, by the court of

9          appeals for the circuit in which the proceeding is held.

10         (b)     There shall be no right of appeal from a final order in a proceeding to test
          the validity of a warrant to remove to another district or place for commitment or

11         trial a person charged with a criminal offense against the United States, or to test
          the validity of such person's detention pending removal proceedings.

12

13         (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
          appeal may not be taken to the court of appeals from—

14                (A) the final order in a habeas corpus proceeding in which the
                 detention complained of arises out of process issued by a State

15                court; or

16                (B) the final order in a proceeding under section 2255.

17         (2) A certificate of appealability may issue under paragraph (1) only if the
          applicant has made a substantial showing of the denial of a constitutional

18         right.

19         (3) The certificate of appealability under paragraph (1) shall indicate which
          specific issue or issues satisfy the showing required by paragraph (2).

20

21         If a court denies a petitioner's petition, the court may only issue a certificate of

22    appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

23    28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that

24    "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

25    been resolved in a different manner or that the issues presented were 'adequate to deserve

26    encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting

27    Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

28         The Court finds that Petitioner has not made the required substantial showing of the denial

of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Thus, the Court declines to issue a certificate of appealability.

**III.    ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1)  Respondent's motion to dismiss is GRANTED;

2)  The petition is DISMISSED WITHOUT PREJUDICE as premature and barred by Younger;

3)  The Clerk of Court is DIRECTED to enter judgment and close the case; and

4)  The Court DECLINES to issue a certificate of appealability.

This terminates this action in its entirety.


IT IS SO ORDERED.

Dated:    **June 11, 2024**                        /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

5