UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ANGEL TORREZ, JR., <br><br> Petitioner, <br><br> v. <br><br> L. LUNDY, Warden, <br><br> Respondent. | No. 1:24-cv-00362-SKO (HC) <br><br> **ORDER CONSTRUING PETITIONER'S OBJECTIONS AS MOTION FOR RECONSIDERATION AND DENYING MOTION FOR RECONSIDERATION** <br> **[Doc. 17]** <br><br> **ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON NINTH CIRCUIT COURT OF APPEALS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All parties having consented to the jurisdiction of a United States Magistrate Judge, this case was assigned to the undersigned for all further proceedings in this action, including entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1).

On June 11, 2024, the Court issued an order granting Respondent's motion to dismiss the petition, whereupon the action was terminated. (Doc. 13.) On June 24, 2024, Petitioner filed a notice of appeal along with "objections" to the Court's order. (Docs. 17, 18.) The appeal was then processed to the Ninth Circuit. On July 23, 2024, the Ninth Circuit issued an order directing the district court to decide whether the "objections" may constitute a motion listed under Federal Rule of Appellate Procedure 4(a)(4), and if so, to resolve the motion. (Doc. 24.)

**DISCUSSION**

Upon review of Petitioner's filing entitled "objections," it appears Petitioner misunderstood the posture of the case. Citing to 28 U.S.C. § 636(b)(1)(C), Petitioner apparently believes the order issued by this Court should be a Findings and Recommendation and that he is entitled to review by the district court. This is incorrect.

Petitioner consented to the jurisdiction of a magistrate judge to conduct all further proceedings in the case on April 11, 2024.[1] (Doc. 8.) Respondent also indicated its consent to magistrate judge jurisdiction on May 13, 2024. (Doc. 9.) On May 14, 2024, the District Court authorized this Court to conduct all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). Thus, when the Court issued its order dismissing the case, judgment was duly entered, and the case was terminated. Pursuant to 28 U.S.C. § 636(c)(3), Petitioner could appeal the order directly to the Ninth Circuit Court of Appeals, which he did.

The Court has reviewed the arguments made in his "objections." As Petitioner takes issue with the order dismissing the case, the Court will construe the objections as a motion for reconsideration under Federal Rule of Civil Procedure 60(b), which governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

---

[1] Petitioner signed the consent form on April 5, 2024.

1  (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to
2  induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of
3  Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other*
4  *grounds*, 828 F.2d 514 (9th Cir. 1987).

5  Here, Petitioner contends his state remand was only for resentencing, and he should have
6  been permitted to proceed with his exhausted claims concerning the trial and his alleged
7  innocence. Petitioner's contention is unpersuasive.  As Petitioner had yet to be resentenced,
8  judgment was not final.  The Court has already addressed this issue and determined that the
9  Younger criteria were satisfied.  The Court further noted that "courts in the Ninth Circuit have
10 abstained under Younger when a habeas petitioner's state resentencing appeal is pending." Duke
11 v. Gastelo, 2020 WL 4341595, at *4 (C.D. Cal. June 24, 2020), *adopted*, 2020 WL 4339889
12 (C.D. Cal. July 28, 2020); Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020)
13 (recommending denial of motion for stay and dismissal of federal habeas petition due to pending
14 state appeal for resentencing); *adopted*, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Sauceda v.
15 Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a
16 federal habeas petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95),
17 *adopted*, 2020 WL 1433678 (C.D. Cal. March 22, 2020); Phillips v. Neuschmid, 2019 WL
18 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas
19 corpus relief would have the practical effect of enjoining or interfering with the ongoing state
20 judicial proceeding, even where the state proceeding is limited to sentencing;" recommending
21 dismissal of habeas petition due to pending state appeal for resentencing); *adopted*, 2019 WL
22 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).

23 Petitioner thus fails to meet the requirements for granting a motion for reconsideration: He
24 has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the
25 existence of either newly discovered evidence or fraud; he has not established that the judgment is
26 either void or satisfied; and, finally, he has not presented any other reasons justifying relief from
27 judgment.  Moreover, pursuant to the Court's Local Rules, he has not shown "new or different
28 facts or circumstances claimed to exist which did not exist or were not shown upon such prior

1  motion, or what other grounds exist for the motion." Local Rule 230(j).

**ORDER**

Based on the foregoing, it is HEREBY ORDERED:

1) Petitioner's filing entitled "Objections" (Doc. 17) is CONSTRUED as a motion for reconsideration under Federal Rule of Civil Procedure 60(b);
2) Petitioner's motion for reconsideration is DENIED; and
3) The Clerk of Court is DIRECTED to serve this order on the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **July 25, 2024**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE